IN the MATTER OF the REINSTATEMENT OF the LICENSE OF George R. KESKEY, Jr., to Practice Law.

Supreme Court

*No. 87–1788–D. Filed November 27, 1996.*

(Also reported in 555 N.W.2d 638.)

PER CURIAM.   George R. Keskey, Jr. petitioned for reinstatement of his license to practice law in

Wisconsin, which the court revoked in July, 1989 as discipline for professional misconduct. That misconduct led to Mr. Keskey's conviction of one count of conspiracy to make false statements on loan applications and two counts of aiding, abetting and causing the making of false statements on a mortgage note, for which he was sentenced to two years' imprisonment on each count, concurrent. *In re Disciplinary Proceedings Against Keskey*, 150 Wis. 2d 598, 442 N.W.2d 273 (1989).

The reinstatement petition was referred to the Board of Attorneys Professional Responsibility (Board) for investigation and the filing of a report and recommendation, pursuant to SCR 22.28. The Board filed its report with the court August 14, 1996 recommending that the petition be denied, having concluded that the petitioner failed to make the showings required for reinstatement set forth in SCR 22.28(4)(e), (f) and (g) and (6).[1] The basis of that

---

[1] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(4) The petition for reinstatement shall show that:

. . .

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

. . .

(6) The petitioner has the burden of demonstrating by clear and convincing evidence that the petitioner has the moral character to practice law in this state and that the petitioner's

conclusion included the following: the petitioner knowingly and wilfully violated a domestic abuse restraining order on numerous occasions, he attempted to intimidate potential witnesses expected to provide testimony adverse to him at the reinstatement hearing, and several instances of his physical abuse of his wife were described in her application for a temporary restraining order and domestic abuse injunction in 1996.

We determine that the petitioner has failed to demonstrate that his conduct since the date of his license revocation has been exemplary and above reproach and that he possesses the requisite moral character to be licensed by this court to practice law in this state. His conduct following revocation that was established in this reinstatement proceeding warrants denial of his reinstatement petition. While all of that conduct reflects adversely on the petitioner's appreciation of the standards required of members of the bar and his ability and willingness to act in conformity with those standards, of particular concern are his attempts on three occasions to suggest to persons who might have been willing to testify in the reinstatement proceeding that he would somehow retaliate against them if they were to prevent his reinstatement and subsequent employment.

The attempted intimidation of witnesses occurred following the scheduling of a second public hearing on the reinstatement petition before the district professional responsibility committee, to which the

resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest. The petitioner shall also demonstrate by clear and convincing evidence full compliance with the terms of the order of suspension or revocation and the requirements of SCR 22.26.

matter had been referred. Only the petitioner appeared and testified at the first public hearing, following which the district committee recommended that the reinstatement petition be granted. However, before the Board reached a final determination on the recommendation, the district committee received new information concerning the petitioner's conduct, and the Board directed that a second hearing be held.

At the second hearing, three persons who had been subpoenaed to appear testified that the petitioner had made statements to each of them that he had learned there were three people seeking to keep him from having his license to practice law reinstated and that he had an employment opportunity that he would not be offered if his license were not reinstated. The witnesses quoted him as having said that if he were prevented from getting his license back and obtaining that job, there would be "hell to pay," those testifying against him "would be sorry," and he would "get someone for that." Two of the witnesses testified that they feared for their physical safety, and one of them said that he feared the petitioner would bring legal action against him if he were to testify adversely.

The nature and extent of the petitioner's conduct following the revocation of his license to practice law as discipline for professional misconduct make it clear that the petitioner does not have the necessary character to be licensed to represent others in the legal system.

IT IS ORDERED that the petition for license reinstatement is denied.